THE ATTORNEY GENERAL
OF TEXAS
AUSTIN, TEXAS 78711
ATTORNEY GENERAL



December 19, 1967

Hon. James K. Walker                    Opinion No. M-171
County Attorney
Cochran County Courthouse      Re:   Whether Cochran County
Morton, Texas                                Texas, has authority to pay
                                                   public owned hospitals out-
                                                   side the county for hospital
                                                   and medical services render-
                                                   ed to indigent inhabitants
                                                   of the county under the cir-
Dear Mr. Walker:                             cumstances stated.

        You have requested the opinion of this office as to
whether Cochran County, Texas, is authorized to pay for the
medical care of an indigent resident of Cochran County, Texas,
in a public hospital outside of Cochran County, Texas, after
the creation of the Cochran Memorial Hospital District, whose
boundaries are co-extensive with the boundaries of Cochran
County, Texas.  You further state in your letter that a med-
ical doctor practicing in the Cochran County Memorial Hos-
pital has recommended that an indigent patient be sent to
the John Sealy Hospital for care and treatment which cannot
be supplied at the local hospital.  Article IX, Section 9, of
the Texas Constitution provides as follows:

        "Sec. 9.  The Legislature may by law pro-
        vide for the creation, establishment, maintenance
        and operation of hospital districts composed of
        one or more counties or all or any part of one
        or more counties with power to issue bonds for
        the purchase, construction, acquisition, repair
        or renovation of buildings and improvements and
        equipping same, for hospital purposes; providing
        for the transfer to the hospital district of the
        title to any land, buildings, improvements and
        equipment located wholly within the district which
        may be jointly or separately owned by any city, town
        or county, providing that any district so created
        shall assume full responsibility for providing
        medical and hospital care for its needy inhabitants
        and assume the outstanding indebtedness incurred
        by cities, towns and counties for hospital pur-
        poses prior to the creation of the district, if
        same are located wholly within its boundaries,

-818-

and a pro rata portion of such indebtedness based upon the then last approved tax assessment rolls of the included cities, towns and counties if less than all the territory thereof is included within the district boundaries . . ." (Emphasis added.)

Thereafter the Legislature passed House Bill 1233, Acts 60th Legislature, Regular Session 1967, Chapter 494, page 1113 (Art. 4494q, V.C.S.), known as the Cochran Memorial Hospital District Bill, pursuant to Article IX, Section 9, and its pertinent provisions read as follows:

"Section 1. Authority to create. Pursuant to authority granted by the provisions of Section 9, Article IX, Constitution of the State of Texas, Cochran Memorial Hospital District is hereby authorized to be created and as created shall have boundaries co-extensive with the boundaries of Cochran County, Texas, and possess such rights, powers, and duties as are hereinafter prescribed.

"Sec. 2. Purposes of district. The district herein authorized to be created shall take over and there shall be transferred to it title to all lands, buildings, improvements, and equipment in anywise pertaining to the hospitals or hospital systems owned by Cochran County and any city or town within such county, and thereafter the district shall provide for the establishment of a hospital system by the purchase, construction, acquisition, repair or renovation of buildings and equipment, and equipping the same and the administration thereof for hospital purposes. Such district shall assume full responsibility for providing medical and hospital care for its needy inhabitants and shall assume the outstanding indebtedness which shall have been incurred by any city or town or by Cochran County for hospital purposes prior to the creation of said district.

". . .

"Sec. 9. Purchases and expenditures. The board of directors of such district shall have the

power to prescribe the method and manner of making purchases and expenditures, by and for such hospital district, and also shall be authorized to prescribe all accounting and control procedures and to make such rules and regulations as may be required to carry out the provisions of this Act.

". . .

"Sec. 17. District alone to incur indebtedness for hospital purposes. After creation of Cochran Memorial Hospital District, neither Cochran County, Texas, nor any city or town therein shall thereafter issue bonds or other evidences of indebtedness or levy taxes for hospital purposes or for medical care, and the said Cochran Memorial Hospital District shall assume full responsibility for the operation of all hospital facilities for the furnishing of medical and hospital care of indigent persons.

". . ."   (Emphasis added.)

In addition to the above quoted provisions, the Act provides for the levying of taxes not to exceed seventy-five cents ($.75) on the One Hundred Dollar valuation; authorizes bonds to be issued in accordance with general law for the building of any facilities necessary to carry out its purposes; states manner of engaging a depository bank for the district; exempts the bonds from taxation; gives power of eminent domain; and creates a framework for screening patients as indigents.

The responsibilities of the commissioners court in Article 2351, Vernon's Civil Statutes, and Article 4438, Vernon's Civil Statutes, are now the duties of Cochran Memorial Hospital District. Attorney General's Opinion No. C-334 (1964). The question therefore necessarily arises as to the authority of the hospital district to pay for indigent care in a public institution outside of its boundaries, either under its assumed powers of the commissioners court or powers given to it under the Constitution and statute creating it.

The leading case prohibiting the payment by commissioners courts for medical treatment of an indigent out-

side of the county in a private hospital is <u>Willacy County v. Valley Baptist Hospital</u>, 29 S.W.2d 456 (Tex.Civ.App. 1930, no writ history). The Court stated on page 458:

"...

"Under the provisions of article 4438, the county was under no duty to send Barbosa to any hospital, there being no public hospital in the county, and under the implied restriction of this provision it is doubtful if the county could be bound by the commissioners' court, certainly not otherwise, to send him to a hospital without the county, at public expense.

"... But the liabilities of counties are fixed by law and cannot be extended by the courts beyond the plain authority of the statutes.

"..."

The Court's opinion above noted is controlling as to the interpretation of the law, on the facts and law that were presented to the court at the time of the decision.

It is our opinion, however, that Article IX, Section 9, of the Constitution has enhanced the powers and duties of the hospital district, as opposed to the commissioners courts, and this is carried forward in the enabling legislation. The pertinent provision of Article IX, Section 9, is: "<u>that any district so created shall assume full responsibility for providing medical and hospital care for its needy inhabitants</u> . . ." (Emphasis added.) Similar language is contained in Section 2 of H.B. 1233 providing purposes of the district, as follows: ". . . <u>Such district shall assume full responsibility for providing medical and hospital care for its needy inhabitants</u> . . ." (Emphasis added.)

Specifically, it is our opinion that when a hospital district is created, it is no longer bound by the distinctions between a pauper, an indigent and other restrictions which continue to be valid for county purposes. The Willacy County case, although binding on commissioners courts in counties where countywide hospital districts have not been created, is not applicable to a hospital district. Limitations on the au-

thority of a hospital district are determined by the constitutional provision and statute whereunder it was formed and not by the statutory powers and limitations thereof of commissioners courts.

It appears from your letter, that there is no public hospital in Cochran County which can "care" for the needy inhabitant, either medically or as a hospital. The district's responsibility for providing such care can be exercised in sending such needy inhabitant to a public hospital outside of the district and under such circumstances would have the authority to pay for the same.

### S U M M A R Y

The Cochran Memorial Hospital District, by virtue of the provisions of Article IX, Section 9 of the Constitution of Texas, and Section 2 of House Bill 1233, 60th Legislature, R.S. 1967, (Art. 4494q, V.C.S.) has the full responsibility for providing medical and hospital care for the needy inhabitants of such hospital district. Where the hospital district cannot discharge its full responsibility to such needy inhabitant within the hospital district because of a lack of sufficient medical or hospital facilities, it may send the inhabitant to a hospital facility outside the district and legally pay for such expense.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Pat Cain
Assistant Attorney General

APPROVED:
OPINION COMMITTEE
Hawthorne Phillips, Chairman
Kerns Taylor, Co-Chairman
W. V. Geppert

Hon. James K. Walker, page 6, (M-171)


Pat Bailey
Brock Jones
Bill Allen

A. J. CARUBBI, JR.
Staff Legal Assistant